**OUTTEN & GOLDEN LLP**
Gary Phelan, Esq.
Attorney for Plaintiffs
4 Landmark Square, Suite 201
Stamford, CT 06901
(203)363-7888

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
-------------------------------------------------------x
STEVEN ZIELINSKI, NANCY DOYLE
and MICHAEL SALTMAN,                                    Index No.  Civ.

            **Plaintiff,**

    - against -                                         **JURY TRIAL**
                                                        **DEMANDED**

TYMETRIX, INC. and ROBERT E.
HEINEMANN
                                                        **August 31, 2006**

            **Defendants.**

-------------------------------------------------------x

    As and for his Complaint in the above-captioned action, plaintiffs, Steven Zielinski, Nancy Doyle and Michael Saltman, by and through their attorneys, Outten & Golden LLP, alleges and states as follows:

## NATURE OF THE ACTION

1.   The plaintiffs assert common law claims of breach of contract, negligent misrepresentation, promissory estoppel and fraud against the defendants.  In addition, Plaintiff brings a statutory claim to recover damages caused by the defendants' violations of Connecticut Gen. Stat §31-71 et. seq.  In the claims related to promises by defendant Robert Heinemann, the former President of Tymetrix, Inc., that, if Tymetrix was sold, the plaintiffs, who were each employed by Tymetrix, would each get $1 million dollars. Tymetrix was sold on or about

September 1, 2003. However, the plaintiffs were not paid $1 million dollars, or any other money, as a result of the sale.

## JURISDICTION AND VENUE

2. This court has diversity jurisdiction pursuant to 29 U.S.C. § 1332. The plaintiffs reside in Connecticut. The defendants reside in Connecticut and Florida. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

3. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because this action arose, in substantial part, within the District of Connecticut, where most of the employment practices alleged herein occurred and many of the records pertinent thereto are maintained.

## PARTIES

4. Plaintiff Steven Zielinski ("Zielinski") is a citizen of the United States who presently resides in South Windsor, CT.

5. Plaintiff, Nancy Doyle ("Doyle"), is a citizen of the United States who presently resides in Windsor, CT.

6. Plaintiff, Michael Saltman ("Saltman") is a citizen of the United States who presently resides at Boynton Beach, Florida.

7. Tymetrix, Inc. ("Tymetrix"), a Delaware corporation that is located at One Commercial Plaza, Hartford, CT 06100. Tymetrix is a wholly-owned subsidiary of CT Corporation.

8. Robert Heinemann is the former President of Tymetrix, Inc. He presently resides at 5389 Pennock Point Road, Jupiter, Florida 33458-3493.

## FACTS

9. TyMetrix provides e-billing services and web-based matter management for its clients,

which include corporate law departments and claims organizations.

10. The plaintiffs were each senior-level, veteran employees at TyMetrix.

11. Heinemann told each of the plaintiffs on several occasions that, if TyMetrix was sold, they would each get $1 million.

12. At his 2002 annual performance review, Zielinski told Heinemann that he was concerned that he did not have either a retirement or insurance plan. Heinemann told Zielinski not to worry because, if the company was sold, he would have a million dollars to invest.

13. Each of the plaintiffs relied upon Heinemann's promises by, <u>inter alia</u>, continuing to work for TyMetrix and declining other employment opportunities.

14. Zielinski relied upon Heinemann's promises by deciding to purchase an insurance policy.

15. The plaintiffs continued to work extremely long hours at Tymetrix, sometimes, without receiving annual pay raises, in reliance on Heinemann's promise that, if the company was sold, they would each get $1 million.

16. On or about September 1, 2003, TyMetrix was sold to CT Corporation for $38 million upon information and belief, Heinemann and his wife, Shelley Wallace, who, along with Heinemann, was the co-owner of Tymetrix, received $38 million as a result of the sale.

17. None of the plaintiffs received $1 million or any other benefits as a result of the sale of TyMetrix.

## LEGAL CLAIMS

18. Plaintiff incorporate paragraphs 1-7 by reference.

19. The defendants had a contract with each of the plaintiffs whereby each of them would be paid $1 million if the company was sold.

20. The defendants breached the contract.

21.    As a result of the breach, the plaintiffs have suffered damages.

## SECOND COUNT
## NEGLIGENT MISREPRESENTATION

22.    Plaintiffs incorporates paragraphs 1 though 7 by reference.

23.    Defendant had a duty to provide plaintiffs with accurate information.

24.    Defendants made false representations to Zielinski, Doyle and Saltman that defendant knew or should have known to be incorrect.

25.    Defendant Tymetrix, through its authorized representative, told plaintiffs that they would each get $1 million if the company was sold.

26.    The plaintiffs relied upon those representations and their reliance was reasonable.

27.    Zielinski, Doyle and Saltman has suffered damages as a result of defendant's negligent misrepresentation, including past and future lost wages and benefits, and past and future physical and emotional distress.

## THIRD COUNT
## FRAUD

28.    Zielinski, Doyle and Saltman incorporates paragraphs 1 though 7 by reference.

29.    Defendants falsely represented to Zielinski, Doyle and Saltman that they would each receive $1 million if the company was sold.

30.    Defendants' representation that Zielinski, Doyle and Saltman would each receive $1 million if the company was sold was untrue and known to be untrue by defendant.

31.    Based upon defendants' promises, that Zielinski, Doyle and Saltman declined other employment opportunities and continued to work for the defendant

32. Zielinski, Doyle and Saltman has suffered damages as a result of Defendants unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## FOURTH COUNT

## PROMISSORY ESTOPPEL

33. Zielinski, Doyle and Saltman incorporates paragraphs 1 though 7 by reference.

34. Defendant promised Zielinski, Doyle and Saltman that they would each receive $1 million if the company was sold.

35. It was reasonable and foreseeable that Zielinski, Doyle and Saltman would rely on Defendant's promises.

36. Zielinski, Doyle and Saltman's reliance was detrimental. Zielinski, Doyle and Saltman continued to work for Tymetrix and did not explore other job opportunities.

37. Refusing to compel the defendants to comply with their promises would be an injustice.

38. Zielinski, Doyle and Saltman has suffered damages as a result of defendant's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## FIFTH COUNT

## C.G.S. § § 31-71 et. seq.

39. Zielinski, Doyle and Saltman incorporates paragraphs 1 though 7 by reference.

40. The $1 million each of the plaintiffs should have been paid was compensation for work they each performed.

41. Each plaintiff was an "employee" as defined by Conn. Gen. Stat §§ 31-71 et. seq.

42. Both defendants were "employers" as defined by Conn. Gen. Stat §§ 31-71 et. seq.

43.  Each plaintiff is entitled to wages plus interest for the work they performed.

44.  Defendants willfully and intentionally refused to pay the plaintiffs wages for the work they each performed.

45.  The plaintiffs are each is entitled to liquated damages of twice the amount of their total unpaid wages and their attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court:

1.  Accept jurisdiction over this matter;

2.  Order the defendants to compensate the plaintiffs, plus interest;

3.  Enter judgment in favor of the plaintiffs for such amount as may be awarded by a jury lost wages and benefits and compensatory damages for his physical and emotional suffering and loss of enjoyment of life;

4.  Enter judgment in favor of the plaintiffs for such amount as may be awarded by a jury for punitive damages;

5.  Award to the plaintiff liquidated damages as provided for willful violations of Conn. Gen. Stat §§ 31-71 et. seq.

6.  Award to the plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

7.  Grant such additional or alternative relief as may appear to this Court to be just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: Stamford, Connecticut
August 31, 2006

Respectfully submitted,

OUTTEN & GOLDEN LLP

By: _____
Gary Phelan
Attorney for the Plaintiffs
4 Landmark Square, Suite 201
Stamford, CT 06901
(203)363-7888